## Church *against* Davis.

The mechanics lien law of 1806 does not prescribe the kind of evidence necessary to prove that the debt was contracted; the purpose for which materials were furnished or labor was performed, may be established by parol. The book of original entries of the mechanic is not the sole test of the building to be charged.

The act of the 16th of June 1836, relating to mechanics' liens, is prospective in its operation, and claims filed previously are not affected by its provisions. The act of 30th March 1831 extends the lien beyond five years from the time of filing the claim, wherever a *scire facias* has been issued within that time.

ERROR to the common pleas of *Cumberland* county.

Robert R. Church against Eliza Davis, administratrix of James Davis, with notice to the directors of the poor and the house of employment of the county of Cumberland. *Scire facias* sur mechanics' lien.

The original claim was filed on the 29th of September 1832, against James Davis, for lumber furnished for the building of a house on the property of the directors of the poor, and this *scire facias* issued to November term 1834.

On the trial the plaintiff offered in evidence his book of original entries, showing the charges for lumber furnished to James Davis, to the amount of 200 dollars 32 cents, accompanied with parol proof that the boards were got by the said James Davis, at the board-yard of the plaintiff, on the credit and for the building referred to in the claim filed as a lien, and that the lumber was so used.

The defendants objected to the evidence:—

1. That the entry in the book is simply against James Davis, and no indication is afforded by the entry that it was on the credit of the building.

2. That if a lien did exist, it is lost by lapse of time.

The court sustained the objections, and rejected the evidence offered, and sealed a bill of exception.

*Reed*, for plaintiff in error, cited 4 *Rawle* 404; 1 *Dall.* 238; 16 *Serg. & Rawle* 59.

*Biddle* and *Alexander*, contra, cited 6 *Watts* 219; 8 *Serg. & Rawle* 505; 3 *Rawle* 9.

The opinion of the Court was delivered by

SERGEANT, J.—By the act of 17th March 1806, buildings are subjected to liens for debts contracted for, or by reason of work done, or materials furnished. It does not prescribe the kind of evi-

[Church v. Davis.]

dence necessary to prove that the debt was thus contracted, but leaves that to depend upon the ordinary rules of evidence. By these, the delivery of goods, or performing labour for any particular purpose, may be proved by parol. Custom and convenience have introduced among us the use of the original book of entries, supported by the oath of the party, to substantiate such charges, but any other legal mode of establishing the fact, relating to the sale and delivery are sufficient. It has not been the practice to make the book of the mechanic or material man the sole test of the building to be charged, and to require it in all cases would impose on them an inconvenient and unnecessary burden. Hills *v.* Elliott, 16 *Serg. & Rawle* 56, turned on the question whether the claim filed was evidence on the trial of the issue on the *scire facias,* and it is believed that point was all which the case has been considered as deciding, and that the practice, both before and since that decision, has uniformly been, to allow parol evidence to show for what building the work was done or the materials were furnished. We think that the court below erred in rejecting the evidence offered by the plaintiff.

We are also of opinion, that this case having originated prior to the passage of the act of 16th June 1836, the lien is not affected by the provisions of its 24th section. That act constitutes a new and complete system, and is prospective in its operation. Prior cases must be construed according to the acts in force when they occurred, and the act of 30th of March 1831 extends the lien beyond five years from the time of filing the claim, wherever a *scire facias* has been issued within that time. The judgment in favour of the terre-tenants and against the administratrix of Davis, must, therefore, be reversed.

Judgment reversed, and a *venire facias de novo* awarded.