## Koch *against* Howell.

Book entries of the whole number of pieces of paper delivered by a paper-hanger to his journeymen, made at the time of such delivery, and of the number of pieces actually consumed, the price of each with the price of hanging it and the gross amounts, made when the quantity was ascertained by hanging, though three or four days after the first entry, are evidence.

Where a draft on the vendor was presented in payment for goods to his clerk, who refused it, but by the vendee's direction showed it afterwards to the vendor, the declarations of the latter that he did not know the drawer and would not do the work on it, but that he would see the vendee, are evidence in an action for the goods.

The retention of such order by the vendor until the trial is not conclusive evidence of his acceptance of it.

ERROR to the Common Pleas of *Philadelphia* county, in which an action of assumpsit on a book account was brought by Howell & Brother against Christopher Koch. The plaintiffs offered in evidence their book of original entries, in which a number of items were charged to the defendant to the amount of $41.95½ : the first and last of which were as follows :

| 12 ps. | Parlour paper           . | 11¼ ps. | a 60 cts. | $6.90 |
|        | Hanging 5¾ ps. border     |         | 50        | 2.83⅔. |

The other items were entered in a similar way, but differing in price and quality. Their clerk proved it to be their book of original entries, and that the first entries of business transactions were made in it; that the above entry was made by him on the day it bore date, and that, so far as he knew, it was the general custom of paper-hangers to make their books in the same manner. On his cross-examination he stated it was their practice, when the goods were delivered from their store to the journeymen, to enter the quantity and quality on the first and second columns, and when the work was done, to mark on the third column the quantity actually consumed and carry out the price; thus "12 pieces parlour paper" were entered when the goods were given to the journeymen, and when the work was done, they entered the amount actually used, "11½ pieces, a 60 cts. $6.90." The date at the head of the entry was that of giving out the goods, and was made by witness just after they were handed to the men. He was not present at the doing of the work nor did he see it done. The pieces not consumed were returned when the work was done, according to the size of the job, sometimes on the same day, sometimes in one, two, three or four days, according to circumstances, and then the second entry was made.

The defendant objected to the admission of the book as a book

[Koch v. Howell.]

of original entries, but the court admitted it to be read and sealed an exception.

The witness further testified, that after the goods were chosen by Koch, he presented an order on the plaintiffs. Witness told him he could not take the order as he did not know the drawer, but that he would show it to Howell when he came in. Koch then said " Well, show it to him and see what he says." Witness afterwards told Howell of the transaction and showed him the order. Howell said he did not know the drawer of the order and would not do the work on it, but that he would go and see Koch.

The defendant objected to the admission of this conversation in evidence, but the court overruled the objection and sealed an exception. The witness further stated that he did not inform Koch of what Howell said, and that he had not returned the order.

The following was the order referred to, and was produced on the trial by the plaintiffs:

*Philadelphia, May* 13, 1841.

Messrs. Howell & Brother,

Please deliver to the bearer, Mr Koch, paper hanging such as he may desire and tell amount of bill by charging to my account.

For paper hangings.      C. W. Tieman, Jun.

N. 6th st. above Phœnix st.

The judge charged the jury that it was a question of fact for them to determine, whether the retention of the order by the plaintiffs from the time it was first left with the clerk until their production of it at the trial, was not an acceptance of it.

The defendant excepted to the charge and assigned the following errors:

Errors assigned:

1. The court erred in admitting the book offered as the book of original entries.

2. The entry charging defendant was erroneously permitted to be given in evidence to the jury.

3. The court erred in admitting evidence of the conversations between the witness and the plaintiff, occurring in the absence of defendant, and tending to fix a liability on the latter.

4. In not charging the jury as a matter of law, that the plaintiff's retention of Tieman's order from the time it was left with him until he produced it during the trial, was, under the circumstances, and until explained, a virtual acceptance of that order.

*Guillou*, for the plaintiff in error, contended that the book was not one of original entries. The items in the first and second columns were merely minutes, which were afterwards to serve as materials for a regular and complete entry; *Patton* v. *Ryan*, (4 *Rawle* 410); and at the time they were entered the contract was incomplete and the goods had not been delivered to the vendee. *Curren* v. *Crawford*, (4 *Serg. & Rawle* 3); *Parker* v. *Donaldson*,

(2 *Watts & Serg.* 19).   Being therefore false entries when made, they continued so.   *Rhoads* v. *Gaul*, (4 *Rawle* 407).   The proper time to make the entry is when the goods are loaded for delivery to the vendee.   *Keim* v. *Rush*, (5 *Watts & Serg.* 378).

The retention of the order by the plaintiffs without any intimation to the defendant of their non-acceptance of it, taken in connexion with the fact of their afterwards sending the goods, amounted to an acceptance of it.   *Story on Bills* 273.

*Westcott*, contra.   The mode in which this book was kept was one usual to the trade, and arose from necessity.   It is no objection to the first entry that it was made before delivery of the goods.   *Kaughley* v. *Brewer*, (16 *Serg. & Rawle* 133).   The second entry was undoubtedly good, being made after the delivery.

The witness was made the defendant's agent, and the conversation was therefore evidence.   2 *Stark Ev.* 729.

Whether the retention of the order amounted to an acceptance was a question for the jury : but in law it was no acceptance.   2 *Stark Ev.* 207 ; *Story on Bills* 275 ; *Chitty on Bills*, 295.

*Per Curiam.*   These entries were made in the usual course of the business, and could not have been made in any other way consistently with it.   The pieces were handed to the plaintiffs' journeymen in the first instance, and charged in the first column to the defendant in gross.   This seems to have been a memorandum to serve till the proper entries could be made; and as something remained to be done, it might have been insufficient to charge the defendant, had the matter rested there.   But cast away that column, and what remains ?   We have three subsequent columns; the first of them exhibiting the number of pieces, the second the price of each with the price of hanging it, and the third the gross amounts.   And these entries were made the moment the paper came to the defendant's use and the quantity was ascertained by hanging it on the walls of his house.   No more accurate or systematic method of charging could be devised by one who was at the same time paper-hanger and the vendor of the article.

The declarations of the plaintiff, Howell, in regard to the acceptance of Tieman's order when it was presented to him by the common agent of the plaintiffs and the defendant, were competent evidence.   Everything said at the time was part of the transaction ; and as the defendant himself had contributed to make it so, he could not object to its going to the jury.   Neither was the retention of the order conclusive evidence of acceptance.   The fact was susceptive of explanation, and as such it was properly submitted.

Judgment affirmed.