## Molony *versus* Benners.

1. Books of original entries are admissible to prove work done or a sale and delivery of goods *ex necessitati rei*, and on the principle that the entries are part of the "*res gestæ*."

2. Book entries, to be evidence, must have been made contemporaneously with the sale and delivery of the goods, or with the performance of the work.

3. Books of original entry are evidence of the sale and prices and delivery of the goods.

ERROR to the District Court of *Philadelphia*.
Assumpsit.

*Guillou*, for plaintiff in error.

The opinion of the court was delivered January 13th, 1859, by

STRONG, J.—There is no substantial difference between this

case and *Koch* v. *Howell,* 6 W. & S. 350. Books of original entries are admissible to prove work done, or a sale and delivery of goods, from the necessities of trade, and on the principle that the entries are part of the "*res gestœ.*" Such they are when made contemporaneously with the sale and delivery, or the work performed, being a brief statement of the transaction. They are not evidence of the delivery of goods sold alone, but also of the sale and prices. The general rule is that they must have been made when the work was done or when the goods were delivered, because entries made at that time are made in the usual course of business. In some transactions, however, the sale and delivery or the work performed extends through a considerable period of time. In such cases, it has always been held essential that the entry should be made after or at the delivery, or after the work has been done. Thus, in *Kaughley* v. *Brewer,* 16 S. & R. 133, an entry made by a tailor after he had cut out the work and delivered it to his own journeyman to be done, was held admissible, though the work was not performed until after the entry was made. So in *Keim* v. *Rush,* 5 W. & S. 377, where an entry was made at the time when blooms were loaded upon the wagon of the plaintiff, to be delivered by his carter at a distance of twenty-one miles, it was held to be admissible, because the book was kept in the regular order of such transactions. *Koch* v. *Howell* is a case of the same character. It is not asserted that the entries in an order book may be received; and if the entry admitted here had been completed on the 27th of May, when the lemons were ordered, we should hold that it was inadmissible. But the part of the entry made on that day was no charge. It did not become a statement of sale and delivery until the blanks were filled up— until the number of boxes and the prices were written in. That was done when the lemons had all been delivered, and then the charge must be regarded as having been made.

In this case the book was properly admitted.

The judgment is affirmed.