IN

# THE SUPREME COURT

OF

# PENNSYLVANIA.

EASTERN DISTRICT—PHILADELPHIA 1869.

## Singerly *versus* Doerr *et al.*

<div style="float:right">

62 9
162 163
62 9
174 102
62    9
28 SC 267

</div>

1. Under the Act of April 14th 1855, § 2 (Mechanics' Lien), where there is evidence that work and materials were for the same building, or for the same contractor, in the ordinary progress of the work, and from time to time, as it was needed, it should be submitted to the jury, if any of the items were within six months of filing the claim.

2. It is no objection to a lien that the work is done by the claimant at a distance from the building on materials furnished by the contractor.

3. If the work be done for and on the credit of the building, it makes no difference where it is done.

4. Materials not used in a building, but bonâ fide and properly furnished for it, may be charged against it.

5. The owner of a saw and planing mill is not a sub-contractor; but, being employed by the contractor, claims on his own account.

6. A contractor for the carpenter work only, is a contractor within the Mechanics' Lien Law.

7. Lumber was furnished to be planed; book entries for planing, made at the time of delivery when finished, were good.

8. Charges are good if made according to the nature and the usages in the particular business.

9. The intent to give credit to the building may be shown by parol, and is not confined to evidence from book entries.

February 1869. Before THOMPSON, C. J., AGNEW, SHARS-    *absent.*
WOOD and WILLIAMS, JJ. READ, J., at Nisi Prius.

Error to the District Court of *Philadelphia:* No. 169, to January Term 1869.

This was a scire facias upon a mechanics' lien, by Charles Doerr and others, trading as Doerr, Son & Co., against Joseph Singerly,

(9)

owner, and John Ketcham, contractor. The writ issued September 20th 1867.

The claim was filed September 19th 1867, by the plaintiffs, "manufacturers of mouldings, sash, shutters, doors, &c., and dealers in lumber," for $4745.26, against a dwelling-house and stable, on Carlisle street, Philadelphia, "being a debt contracted for materials and work, viz., mouldings, sash, blind shutters, doors, lumber, &c., furnished, and work done in planing, sawing, working and carting said materials by the said Charles Doerr, &c., trading as aforesaid, within six months last past, for and about the erection and construction of the said buildings, of which the said Joseph Singerly was and is the owner or reputed owner, and at the instance and request of said John Ketcham, he being the contractor and builder thereof."

On the trial, May 14th 1868, before Stroud, J., Francis Wessels, one of the plaintiffs, testified, on his *voir dire*, that a book shown him was the firm's book of original entries. "When work is ordered it is entered in an order-book. The entry is made in the day-book when the work is delivered; the price is then put down; the entry is made when the goods are loaded up; if the price is not then known, the entry of the price lies over till the next day. Charges are sometimes by the hour; a completed article is charged as a whole, not for the separate items."

The plaintiffs offered an item of charge, January 13th 1866, of work done at their mill; the defendants objected to the admission of the offer, because sawing done at the mill is not a subject of a lien; the book entry is not proper, not having been made when the work was done, but when delivered, and the work was not within six months before filing the claim; the claim does not allege the work was done continuously, nor was it done continuously. The court admitted the evidence, and sealed a bill of exceptions. By agreement, all the other entries were considered proved as the foregoing, and the defendant objected to the admission of any entries for work or materials more than six months before the filing of the claim, they not appearing to have been done or furnished continuously; also because no charge to the building appeared in the entries; also because the entries did not appear to be done under a contract. The court admitted the various items of entry and sealed several bills of exception.

Levi Roder testified that he was foreman for Ketcham; Singerly was at the house nearly every day, and gave instructions about extra work; witness ordered it to be done by the plaintiffs, and it was done. Singerly said he was glad the plaintiffs were doing the work; told witness to give orders to plaintiffs for whatever was wanted. Plaintiffs gave in evidence the contract between Singerly and Ketcham, made March 28th 1865, by which Ketcham agreed to do all the carpenter work, and furnish all the lumber for the

erection and completion of the house and stable, "according to the plans and specifications and consultation, as may be agreed upon by" Singerly; for which Singerly is to pay Ketcham $14,920, and $500 in oil stock. They then offered the following paper, which was admitted by the court under objection and exception:

"$4745.—Mr. Joseph Singerly will please to pay Doerr, Son & Co. four thousand seven hundred and forty-five dollars, being the balance due them for work done and materials furnished at Broad and Jefferson streets.                      JOHN KETCHAM.
"September 16th 1867."

The plaintiffs having closed, the defendant asked the court to rule out the contract, because it appeared on its face to be incomplete, and referred to plans and specifications which had not been produced. The court refused the application, and sealed a bill of exceptions.

The defendant requested the court to charge:

"1. That if they found that Mr. Ketcham was only contractor for the carpenter work, and not for the entire building, the plaintiff cannot recover in this action.

"2. That there is no sufficient evidence that John Ketcham is the contractor within the meaning of the mechanics' lien law."

The court refused to charge as requested. The jury found for the plaintiffs for $4630.18.

The defendant, on writ of error from the Supreme Court, assigned for error, in a number of specifications, the admission of the plaintiffs' offers of evidence, and the refusal of the defendant's points.

*P. Archer* and *E. S. Miller* (with whom was *L. C. Cassidy*), for plaintiff in error.—Can a claim for work and materials, more than six months before filing the claim, be sustained? Phillips v. Duncan, 2 Am. Law Reg. 304; Shaffer v. Hull, 3 Penna. L. J. 323; O'Neill v. Flanigan, Sergt. Mech. Lien Law 175; They commented on Act of April 14th 1855, § 2, Pamph. L. 338, Purd. 713, pl. 35. A person who deals with a sub-contractor has no lien: Harlan v. Rand, 3 Casey 511. The book entries were inadmissible: Wright v. Sharp, 1 P. A. Browne 344; Curren v. Crawford, 4 S. & R. 5; Walter v. Bollman, 8 Watts 545; Kessler v. McConachy, 1 Rawle 441. The charge to the building should be shown by the book entries: Dickinson College v. Church, 1 W. & S. 466. The contractor, under the Mechanics' Lien Law, must be contractor for the whole building: Act of June 16th 1836, § 12, Pamph. L. 698, Purd. 710, pl. 19; Bolton v. Johns, 5 Barr 150; Barnes v. Wright, 2 Wharton 198; Odd Fellows v. Masser, 12 Harris 510.

[Singerly *v.* Doerr.]

*T. J. Diehl* and *W. W. Juvenal*, for defendants in error.—It is of no importance where the work was done: Hinchman *v.* Graham, 2 S. & R. 170 ; Hill *v.* Newman, 2 Wright 152 ; Lybrandt *v.* Eberly, 12 Casey 347 ; Harlan *v.* Rand, *supra;* Act of 1836, *supra;* Derrickson *v.* Nagle, 2 Phila. R. 120. The book of original entries is not the sole test: Church *v.* Davis, 9 Watts 304 ; Church *v.* Allison, 10 Barr 413 ; Barbier *v.* Smith, 2 Wright 296. As to order on Singerly by Ketcham : Dickinson College *v.* Church, *supra;* Young *v.* Elliott, 2 Phila. R. 352. Book entries may be made at or near the time of the transaction : Curran *v.* Crawford, *supra;* Koch *v.* Howell, 6 W. & S. 350 ; Kaughley *v.* Brewer, 16 S. & R. 133 ; Wollenweber *v.* Ketterlinus, 5 Harris 389.

The opinion of the court was delivered, May 11th 1869, by

Agnew, J.—The case of Phillips *v.* Duncan, heard at Pittsburg in 1854, decided that a contractor, who goes to a lumber merchant, and obtains his lumber as he needs it for a job on hand, makes a new contract at every purchase, and the Mechanics' Lien Act bars all of the amount more than six months old when the lumber merchant files his claim.

That case was published in the March number of the American Law Register of 1855, p. 304, and no doubt led to the passage of the Act of 14th April 1855. It declares that whenever the items of a mechanic or material-man's bill for work done or materials furnished *continuously* toward the erection of any new building are in any part bonâ fide within six months before the claim therefor, the lien shall be valid for the whole. It had been decided before Phillips *v.* Duncan, in Bartlett *v.* Kingan, 7 Harris 341, that if the materials are fúrnished in pursuance of a contract, the filing of the claim within six months after the last of the materials are furnished is in time, and extends the lien to the whole bill. See also Holden *v.* Winslow, 6 Harris 160 ; Fourth Baptist Church *v.* Johnson, 4 Casey 153. It is evident, therefore, that the Act of 1855 was intended to do more than merely to link together the items of a bill by means of a contract, or a single order for the whole. Its purpose undoubtedly was, when the materials were in part furnished for a single building, to the same contractor, in the ordinary progress of the work upon it, thus giving to them a unity of purpose, if not of contract, to correct that apparent want of continuity which Phillips *v.* Duncan had decided to exist, where there was no contract or general order for the whole bill. In any other sense there cannot be continuity of items in a bill furnished without a single contract for the whole, for there must always be an interval of time between the procuring of the articles. In this case the evidence of the work being done for the same building and for the same contractor, in the ordinary progress of his

work upon it, and from time to time as it was needed, was amply sufficient to be submitted to the jury.   Indeed, there was evidence of its being all done under a general order by the contractor for the whole, approved also by the owner.

Nor is it a good objection that the work was done by the plaintiffs at their own mill, distant from the building, and by their workmen upon the materials furnished by Ketcham, the contractor. If the work be done for and on the credit of the building, the place where it is done can make no difference.   Steam and machinery have revolutionized the manner of building houses.   Much of the work formerly done by hand at or near the building, is now done at the mill.   In principle, this point was ruled long ago : Hinchman v. Graham, 2 S. & R. 170.   Even materials not used in the building, but bonâ fide and properly furnished for it, may be charged : Odd Fellows' Hall v. Masser, 12 Harris 508; Gaule v. Bilyeau, 1 Casey 521; Harlan v. Rand, 3 Id. 511.   The fact, also, that the work was done by the workmen of the plaintiffs, makes no difference.   The claim is not made by them, but by their employers.   There is no difference between the carpenter, who does his work by hand, and employs his journeymen to do it, and the owner of a mill who does the same work by steam, and employs his workmen at it.   The only question is, whether the work was done at the instance of the owner or the contractor, for and on the credit of the building; if so, it is "work done for or about the erection or construction" of the building.   The owner of a saw and planing mill is not a sub-contractor, standing between the contractor and others; but, being employed by the contractor, claims as a workman within the meaning of the law, for his own account.   If the contractor for the building had bought his doors, shutters, &c., from another who had employed the plaintiffs to do the sawing, planing, &c., for him, the case would be different, and the plaintiffs then must have looked to the other party who employed them.   This is the doctrine of Harlan v. Rand, relied on by the plaintiffs in error.

It is not an objection that Ketcham was a contractor only for the carpenter work and lumber of the house.   The law does not require the contractor to be such for the whole building.   The owner may make his contracts for different parts of the work ; as with one for the stone-work, with another for the brick-work, a third for the wood-work, and, if the building be a factory, with a fourth for the machinery.   There is no reason why a workman or material-man employed by each contractor to do work or furnish materials within the scope of his contract, should not be entitled to a lien for it, as well as if there were but one contractor for the whole building.   Except in the principal cities of the state, it is rare that men contract for the whole building.   Generally, con-

[Singerly *v.* Doerr.]

tracts are made with them according to their line of business, as for masonry, carpentry, &c.

The plaintiffs' book entries were objected to on the ground that they were not made at the proper time. Wessell, one of the plaintiffs, testified that the charges were made on the delivery of the work when it was loaded up; that is, to be taken away. In some cases their charges were made by the hour; but for a completed article they charged as a whole on the delivery, and not for the separate items constituting it. It is not a case of sale and delivery of a manufactured article; but the objection is that the sawing and planing done upon the contractor's lumber were improperly charged at the time of delivery, and not when the work was done. The delivery, it is said, might be delayed several days after the work was done. This objection is not tenable. If anything is settled in this state, it is that the charges are good if made according to the nature of the business, and the usages of the trade in such business. The following cases may be cited, not only for the statement of the principle, but to show the variations allowed in the mode of charging in view of the different kinds of business, and the customs of particular trades. They need not be specially analyzed, but will show that there is no fixed rule for charging in all cases. Kaughley *v.* Brewer, 16 S. & R. 133; Keim *v.* Rush, 5 W. & S. 377; Koch *v.* Howell, 6 W. & S. 350; Wollenweber *v.* Ketterlinus, 5 Harris 398; Yearsley's Appeal, 12 Wright 531. In the present case there was a bailment of the lumber to the plaintiffs, and work done upon it by them. As bailees, they were liable for the return of the materials, with the work done upon them. What time was more suitable to make their charge for the work than when the articles were loaded up to be returned? At that time their relation to it ceased, and the control of the contractor from whom the materials came began. It marks the time of transition from one to the other, and is better for the party getting the work done. The material and the work then go together, and there is less danger of his being charged for work upon materials not subsequently delivered.

There is no good ground to doubt, in this case, that the work was done on the credit of the building. The day-book is not the only evidence from which the intention to charge the building can be inferred. It is very proper that the book should be precise and particular in this respect, as it may relieve the party in furnishing proof often difficult to be had. But it is settled now that the intent to give credit to the building may be shown by other evidence: Church *v.* Davis, 9 Watts 304; Batchelder *v.* Wolf, 6 P. F. Smith 87. The book and the parol evidence prove clearly, in this case, that the work was done on the credit of Mr. Singerly's building at Broad and Jefferson streets. The order of September 18th 1867, by Ketcham, in favor of the plaintiffs, on Singerly,

[Singerly *v*. Doerr.]

for $4745, balance of work done and materials furnished at Broad and Jefferson streets, was clearly evidence. It identified the building, and showed a settlement with the contractor, and the balance due on the work. It was an admission of the contractor in a matter falling within the scope of his authority : Dickinson College *v*. Church, 1 W. & S. 462 ; Odd Fellows' Hall *v*. Masser, 12 Harris 507.

Judgment affirmed.