George Frank Stephens and Henry G. Stephens, trading as Stephens & Co. *v.* James A. Campbell and Charles Bishoff, trading as Charles Bishoff & Co., and J. Frank Freed, owners or reputed owners, and James A. Campbell and Charles Bishoff, trading as Charles Bishoff & Co, Contractors, Appellants.

*Mechanic's lien—Breach of executory contract not subject of lien.*

The terms of the mechanic's lien statutes must be complied with in good faith in order to give the claimants the preference over other liens; claimants may not under the guise of the mechanic's lien law substitute their action for damages for the breach of an executory contract as sustaining a lien for work done or materials furnished for or about the erection and construction of a building.

*Mechanic's lien—Goods not used or required for building—Special contract—Approval by trust company.*

Pending the selection of a trust company and its approval of the plans, etc., connected with the building operation on which a loan was to be made by said company, claimants received and acted on an order of the owner to furnish certain terra-cotta for the operation. Subsequently a trust company was enlisted, the plans were changed, and the claimants notified that no terra-cotta would be required. Whereupon the claimants made delivery for certain terra-cotta, already manufactured by it, to the building in question. The claimants were advised as to the nature of the part to be performed by a trust company when selected, and that its approval of plans, etc., was essential. The owners' personal liability was not questioned. *Held,* that no lien could be had for the goods furnished which were not used in the building.

Argued Oct. 18, 1899. Appeal, No. 136, Oct. T., 1899, by defendants from judgment of C. P. No. 4, Phila. Co., Sept. T., 1896, No. 1184, M. L. D. on verdict for plaintiff. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Reversed. Opinion by ORLADY, J.

Sci. fa. sur mechanic's lien. Before WILLSON, J.

It appears from the record that plaintiff's claim was for $85.50 for a debt for terra-cotta materials furnished to and supplied for and towards the erection and construction of and on the credit of a building at the northeast corner of 50th and Arch streets.

The facts in detail sufficiently appear in the opinion of the court.

Defendant submitted the following point:

Under all the evidence your verdict must be for the defendants. *Answer :* Refused.

The trial judge reserved the following question:

[I shall reserve the question as to whether or not the plaintiffs can recover in this mechanic's lien against the property, in view of the fact that they received notice not to deliver a portion of the terra-cotta before they actually delivered it upon or near the premises in question.] [2]

Verdict for plaintiff for $103, on which the court subsequently entered judgment on the point reserved. Defendants appealed.

*Errors assigned* were (1) refusal of binding instructions for defendants. (2) In discharging defendants' motion for judgment non obstante veredicto, upon the point reserved.

*John G. Johnson,* for appellants.—It is very clear that the material was manufactured by the claimants, not upon the faith of a building, but upon the faith of a personal contract with Bishoff & Company, because for a period long after the manufacture, no buildings were commenced, and it was impossible that they could be commenced without the consent of a company which would only render the needed financial help upon the faith of plans which excluded the use of terra-cotta.

As we have said, the claimants did not file a lien for work done, but for material. If they had filed it for work done, it would have appeared that it had not been done, on the faith of buildings in the course of erection, but upon the faith of a contract by parties that at some future time they would erect buildings, to which the material, when the work was finished, could be applied.

If we import into the law of Pennsylvania, concerning mechanics' liens, the idea that a person having an executory contract to furnish material for buildings, made long before any plan for the buildings has been settled, before financial arrangements have been made necessary for the construction, and before any building is commenced, can file a lien to cover a refusal

to receive such material after the buildings are commenced, we render it impossible for any person to deal with the buildings with safety.

A person advancing money may estimate the probable cost which will be incurred for work and materials needed for a building, and can inquire from persons furnishing materials as to the extent of their supply; but it will be impossible for him to ascertain how many contracts to furnish materials were entered into by the owner before the buildings were commenced upon which there were refusals to receive.

We submit that the claimants failed to establish their right to a lien, and that a verdict for the defendants should have been directed.

Though material be contracted for, before a building be commenced, can there be a lien against such building if it be dumped upon an adjoining lot, after the owner had notified the material-man not to deliver it, and had informed him it could not be used in the buildings to be erected?

The theory of a mechanic's lien is, that it is given because of a contribution towards the erection of the building, by the mechanic in whose favor it is allowed. Certainly the accepted idea upon this subject is, that if the materials are not delivered with the expectation of their being used, there can be no lien for breach of an executory contract to accept and use.

We will refer to some of the cases to show they do not bear in the least adversely to the appellants' contention. They only go to the extent that a material man is not bound to look to the application of the material furnished in good faith for the construction of a building: Smaltz v. Hagy, 4 Phila. 99; Boyd v. Mole, 9 Phila. 118; Wallace v. Melchoir, 2 P. A. Browne, 104; Dalzell v. The Daniel Kaine, 31 Fed. Rep. 746; The Cabarga, 3 Blatchford, 75.

*Samuel W. Cooper*, for appellee.—In the present case the work was all done. It was specially prepared after plans furnished by the defendants. It was accepted by the defendants, and a note given on account of the amount due. How can it be contended that the lien does not attach for this labor of the plaintiffs?

It has been repeatedly held in Pennsylvania that materials

furnished for a building, although not actually used in its erection, may be the subject of a mechanic's lien.   The leading cases upon this subect are those of Hinchman v. Graham, 2 S. & R. 170, and Singerly v. Doerr, 62 Pa. 9.

This case has also been approved in Harker v. Conrad, 12 S. & R. 301, White v. Miller, 18 Pa. 52, Odd Fellows' Hall v. Masser, 24 Pa. 507, and Parrish & Hazzard's Appeal, 83 Pa. 111.

How can it possibly be contended, therefore, that this case is not ruled by the case of Hinchman v. Graham?

On what principle can it be contended that the defendants, in the midst of the delivery of the goods, should have the right to deprive the plaintiffs of their right of lien for their work when the materials had been all finished and accepted and partially delivered, by arbitrarily refusing to receive the balance? This very point was decided in Trammell & Co. v. Mount, 68 Texas, 210.

The very point in issue here was also fully discussed and decided in the case of Howes v. Wire Works Co., 48 N. W. Rep. 448.

To the same effect is the decision in the Mechanic's Mill & Lumber Co. v. Denny Hotel, 32 Pac. Rep. 1073, and in Parker Land Co. v. Reddick, 47 N. E. R. 848; 18 Ind. App. 616.

Opinion by Orlady, J., February 16, 1900:

The plaintiffs filed a claim for the payment of the sum of $85.50, in which they aver that the said sum, being a debt contracted for a certain kind of building material known as terra-cotta, was " . . . . at the request of Charles Bishoff & Company and Stephens & Company, continuously within the six months last past furnished to and supplied for and towards the erection and construction of and on the credit of the said building at the times and in quantities in the annexed bill of particulars mentioned."   The bill of particulars annexed to the claim is as follows:

| | |
|---|---:|
| 25 ft. of rail and 48 closures, | $35.00 |
| 85 ft. of moulding, | 30.00 |
| 1½ panel and ⅙ moulding, | 15.00 |
| 16 ft. of coping, 4″ × 6″, | 5.00 |
| 2½ ft. of coping, | .50 |
| | $85.50 |

On the trial of the scire facias it was clearly shown that the legal title to the land on which the buildings were erected was in J. Frank Freed, who held it for the benefit of James A. Campbell and Charles Bishoff, and that Freed made a general contract with one Henry C. Sharp for the erection of some seventy-seven houses in accordance with plans and specifications to be approved by a trust company which was to be subsequently selected and was then to make advances to erect the buildings as they progressed, and to take mortgages therefor, which on the completion of the buildings aggregated over $300,000.

Campbell and Bishoff were the promoters of the building operation and had had former business transactions with the plaintiff. In July, 1895, Campbell & Company requested Stephens & Company to submit estimates for terra-cotta as described in plans at that time exhibited and which had been used in a former operation. In October following, Stephens & Company received from Campbell & Company working drawings for this terra-cotta, and tendered a contract at the price or sum of $4,400 for all of the terra-cotta work required in the erection and construction of the seventy-seven houses. Henry G. Stephens, for the plaintiff, testified on the trial that at the time this contract was submitted for the signature of Campbell & Company, he was informed by Campbell, who spoke for himself and partner as promoters and as an owner of the title, that " he could not sign the contract, not having secured his bondsmen ; that he did not have his negotiations finished yet with the trust company ; that he had made arrangements and they had not carried, and that he was negotiating with another trust company ; but if you will go on with the work I will pay you this money on the terms stated and agreed on by us." He further testified that, " We had no signed contract, we started to work at once. It was to be a rush job and we were to get the work out. It was finished the 19th day of December, 1895." On April 8, 1896, the plaintiff received notice from Bishoff & Company to make delivery of terra-cotta for six houses which they were pushing through ahead of time. This order was filled and the material for these six houses was independent of that for which this lien was filed. Soon thereafter and before any further deliveries were directed or made, Stephens & Com-

pany received notice that a change in the plans had been made, owing to a change of the trust company, and that no more terra-cotta would be required. After receiving this notice not to deliver it, and with knowledge that the changed plans eliminated terra-cotta as a building material, the plaintiff, on April 23, 1896, hurriedly deposited the terra-cotta on a triangular lot where the like material had been delivered for use in the six houses. On the trial, the learned judge below instructed the jury as follows: " Now according to the plaintiff's testimony believing that was the contract with the defendants, they went on and did the work which was called for: that is, they manufactured the whole of the terra-cotta work. Such portion as was necessary for the construction of six houses they delivered, and, subsequently, after having received notice that terra-cotta would not be used in the operation, they hurriedly delivered the rest. There is no question but what there was an effort on their part to get in a delivery so as to save their lien. Whether or not they could save it is a question which is covered by the other question which I have reserved. I have said to you that if the plaintiffs did make a contract with the defendants as the owners of the properties which were built, for the furnishing of terra-cotta for the operation, and the plaintiffs manufactured it and delivered it at a place where the materials for the building were placed upon the credit of those buildings, then they are entitled to a verdict for whatever was the proper amount due for the terra-cotta which they so made and furnished. I shall reserve the question as to whether or not the plaintiffs can recover in this mechanic's lien against the property, in view of the fact that they received notice not to deliver a portion of the terra-cotta before they actually delivered upon or near it the premises in question."

It is admitted that none of the terra-cotta was used in the buildings. A verdict in the plaintiffs' favor was returned by the jury and subsequently a motion for judgment non obstante veredicto was overruled by the court, and the defendants bring this appeal.

There is some conflict in the evidence as to the acceptance of the terra-cotta for the six houses, but it does not affect the decision of this case. The testimony of the plaintiffs shows that at the time of accepting the order for terra-cotta a most impor-

tant matter was undecided, to wit: the selection of a trust company and its approval of the arrangement as then planned. The order was given to Stephens & Company in October, 1895; the material was all ready for delivery by December 19, 1895, and it was delivered on April 23, 1896, at which time the buildings were only up to their foundations. The use of the terra-cotta in the buildings was clearly subject to the decision of the trust company, and the trust company's mind was independent of that of either of the parties to this record. The company's judgment of the materials to be used and plans to be adopted was the judgment of the owner; and until its conclusion was definitely expressed, the whole project was uncertain and prospective. The construction of the buildings, whether of stone, brick, or other material, and the architectural design depended on its decision, and it must be conceded in the light of the plaintiffs' testimony that at the time of the delivery of this terra-cotta, April 23, 1896, the delivery was not made in good faith. They must have known that it could not be used in the building, and that it was not furnished for the erection of the building, nor on the credit of the same, since the plaintiff had direct notice that it was not only rejected material but that the change of plans eliminated it entirely from the construction of the building. They elected to prepare the material under the contract made in July, 1895, and they could not, as matters then stood, rely on the indefinite and uncertain contingency of what a trust company, which at that time was not selected, would do in a matter of accepting the plans and specifications of another operation as the basis of credit on which they would advance money to the extent of over $300,000.

The fact that the material was made away from the premises is not important; if the work was done for or on the credit of the buildings, the place where it was done can make no difference: Singerly v. Doerr, 62 Pa. 9.

The right to recover from Campbell & Company under the contract of July and October, 1895, is not disputed. The terms of the mechanic's lien statutes must be complied with in good faith in order to give the claimant the preference over other liens; and we feel that, as the plaintiffs have made their own case, they have not brought themselves within the rule of any decided case. Plaintiffs cannot, under the guise of the me-

chanic's lien law substitute their action for damages for breach of a contract. While the question presented in this case has not been directly decided in this state, we feel that under the reasoning of Wallace v. Melchoir, 2 Browne, 104, Basch v. Sener, 1 Penny. 22, Dickinson College v. Church, 1 W. & S. 462, Hinchman v. Graham, 2 S. & R. 170, Odd Fellows Hall v. Masser, 24 Pa. 507, Harlan v. Rand, 27 Pa. 511, Singerly v. Doerr, 62 Pa. 9, and Wolfe v. Batchelder, 56 Pa. 88, that to entitle the claimant to his statutory preference, he must affirmatively show, in the words of the statute, "that the debt was contracted for work done or materials furnished for or about the erection or construction of the buildings;" and in our view of this case the plaintiffs' own testimony is the answer to their claim.

The assignments of error are sustained.

The judgment is reversed and is now entered non obstante veredicto in favor of the defendants.