# McCay's Appeal.

*Claim of Mechanics' and Material-Men, must conform to Requirements of Statute.*

| 37 125 |
|:-:|
| 176 549 |

| 37 125 |
|:-:|
| f 34 SC ²252 |

1. The lien of a mechanic is a statutory privilege, not a common law right. To secure the benefits of the statute, its requirements must be strictly complied with.

2. If a claim filed for work done, &c., under a bargain with the contractor, not being the owner, omit the contractor's name, it is a fatal defect. The omission is not cured, as against lien-creditors, by a subsequent confession of judgment by the owner. Such judgment takes effect only from its date.

3. Where the claim avers that the work was done, &c., "within six months last past," the claim is valid, though the bill of particulars does not show this fact affirmatively. It may be made to appear by evidence that the work was done, &c., within the specified time, and is a question of fact for the jury.

APPEAL from the Common Pleas of *Montour county*.

This was an appeal by Robert McCay, from the decree of the Common Pleas of Montour county, confirming the report of the auditor who was appointed to distribute the proceeds of the sale of a three-story brick house and lot, the property of John Scott, situate in Danville, Montour county.

The case was this: The property above mentioned was sold by the sheriff, under and by virtue of two writs of "*levari facias* sur mechanics' liens," which had been entered against it, in which Smith B. Thompson was named as contractor, and John Scott, as owner or reputed owner, and the proceeds of sale brought into court for distribution.

The claimants were all creditors under the mechanics' lien law. The net sum for distribution, after deducting costs and the expenses of audit, was $2388.66, of which the sum of $1033.60 was distributed to sundry creditors whose claims were undisputed.

From the auditor's report, it appeared that Smith B. Thompson was the contractor under whose direction the house was erected for Mr. Scott, and that Robert McCay had done the

carpenter work, and furnished some of the materials that were used in the construction of the building, under a contract with Thompson. The lien of McCay was filed March 18th 1858, for $955.71, that of Thompson June 21st 1858, for $2125.83. Judgment was confessed by Scott, the owner, on McCay's lien, March 18th 1858, and on Thompson's June 21st 1858.

The claim of McCay was filed against "John Scott, owner or reputed owner and contractor," *without naming the contractor*. The claim of Smith B. Thompson was filed for the use of Egbert Thompson, against "John Scott, owner and contractor."

In the bill which was attached to Thompson's claim, the dates ran from April 9th to December 24th 1856; then followed several items from January 11th to May 18th, for which no year was mentioned; these were followed by a number of items running from May 18th 1856, to July 25th, and one charge (the next to the last) for "painting, glazing, and furnishing materials, prior to 3d of February 1858." Except this there was nothing in the *claim*, as filed, which showed that the work was done, or the materials furnished, within six months next prior to the filing of the lien.

The error assigned by the appellant, McCay, was, "that the court below erred in confirming the report of the auditor, and in not decreeing to him the full amount of the judgment on mechanics' lien confessed March 18th 1858, to May Term 1858, No. 14, to the exclusion of the mechanics' lien and judgment of Smith B. Thompson, for the use of Egbert Thompson, to September Term 1858, No. 20, confessed June 21st 1858."

*J. W. Comly*, for appellant, argued: 1. That the omission, on the part of McCay, to name the contractor, was unimportant. The object of the legislature in requiring this was for the purpose of designation, and for the benefit of the owner, who could waive the omission, and who had done so in this case, by confessing a judgment on the lien, an act which no other person could avoid: Jones *v.* Shawhan, 4 W. & S. 262; Knable's Appeal, 10 Barr 189.

2. The judgment confessed by Scott, in favour of McCay, was valid, as a judgment against all his creditors whose claims were either defective, or subsequent in date, or fraudulent. The claim of Thompson is defective in not showing affirmatively that the work was done, and the materials furnished, within six months prior to the filing of the lien. There is a date to the first charge, but to the last no year is annexed: Rehrer *v.* Ziegler, 3 W. & S. 358; Lehman *v.* Thomas, 5 Id. 262.

3. Both claimants must prove the correctness of their claims. If both fail, their liens date from the entry of their judgments,

[McCay's Appeal.]

and McCay's being prior in time, he is entitled to be first paid out of the fund in the court: Norris's Appeal, 5 Casey 158.

4. The claim of Thompson was fraudulent and collusive, as is clear from the testimony: Dougherty's Estate, 9 W. & S. 189.

*E. H. Baldy*, for Thompson, contended: 1. That his claim was in strict compliance with the Act of Assembly. The last item but one on the bill is dated February 3d 1856, which is within six months as required by law: Dreisbach *v.* Keller, 2 Barr 77; Boyer *v.* Reeside, 2 Harris 167; Baptist Church *v.* Trout, Johnson & Co., 4 Casey 153; Lehman *v.* Thomas, 3 W. & S. 263.

2. As to the allegation of fraud and collusion, there is no proof in the evidence taken before the auditor, nor has he so reported. His report is conclusive as to facts.

3. The claim of McCay was defective in this: the name of the contractor was omitted. This is required by the Act of Assembly, and must be strictly followed. The contractor is the principal creditor (the building merely a security for the claim), and the debt being due from him, he is entitled to set off any claim he may have against the claimant: Gable and Hughes *v.* Perry & Randolph, 1 Harris 181.

4. The claim of McCay is not correct: the auditor reports a large overcharge. The check-roll offered in evidence by him contains entries for work done on twenty-four Sundays, in addition to the other improper matter connected with it, as reported by the auditor.

The opinion of the court was delivered, October 17th 1860, by

STRONG, J.—The auditor's report establishes as a fact that the appellant contracted to do the work for which his claim is made, not with Scott the owner, but with Smith B. Thompson, the contractor for the erection of the building. His claim as filed, however, omits the name of the contractor, and mentions only that of the owner. What is the effect of that omission, is the first question raised by this appeal. The Act of Assembly, which gives to a mechanic or material-man a lien upon a building for his labour or materials expended in its construction, prescribes the mode in which the lien is to be asserted. It enacts that the claim shall be filed in the office of the prothonotary of the Court of Common Pleas, and that it shall set forth, among other things, the name of the contractor, architect, or builder, when the contract of the claimant was made with such contractor, architect, or builder. Why the legislature required such a statement, it is not important to inquire. It may have been for the purpose of insuring a description of the property upon which the claim might be made, or it may have been to direct the owner to the

[McCay's Appeal.]

person who could inform him of the justice or injustice of the demand. Whatever the reason may have been, the requirement is as positive and unequivocal as any other which the statute makes. The name of the owner, the locality of the building, the sum claimed to be due, the nature of the work done, the kind and amount of materials furnished, and the time when the materials were furnished or the work was done, are all made necessary constituents of the written claim filed, but not more so by the language of the statute, than is the name of the contractor, when the contract of the claimant was made with him and not with the owner. How, then, can it be said that one constituent may be omitted when another may not? The right of a mechanic or material-man to a lien upon a building, to the erection of which his labour and materials have contributed, is not a right at common law. It is entirely of statutory creation. He whose labour has cleared the ground of another, removed the rocks, excavated the ditches, and built the fences, has no lien, though his labour has greatly increased the value of the land upon which it has been expended. To the mechanic, however, the legislature has given peculiar privileges, which are not of common right. Yet they are privileges *sub modo*. They can only be asserted in the manner provided by the statute. If mention of the name of the contractor in the claim filed is required as one of the conditions upon which the lien is given, the reason why such a condition is imposed cannot be material. It is only in certain cases that it is given at all, and when the conditions are not complied with, the case does not exist.

But it is argued that the legislature have required the name of the contractor to be set forth for the benefit of the owner, and, therefore, that default in setting it forth may be waived by the owner; and it is insisted that it was waived in this case by Scott's confession of judgment in favour of McCay, the claimant. It was determined, however, in Norris's Appeal, 6 Casey 122, that the judgment, conclusive though it may be between McCay and Scott, is without effect as to other lien-creditors, that, as to them, it is *res inter alios acta*. If they may insist that a mechanic's claim, which interferes with the satisfaction of their liens, shall comply with the requisitions of the statute, then it is not in the power of the owner to waive their rights, though he may his own. And that they may so insist, was ruled in Knabb's Appeal, 10 Barr 186. It was there held that subsequent encumbrancers might object deficiencies in the statement filed, in avoidance of the lien. It follows from these observations, that, in the distribution of the proceeds of the sheriff's sale, the appellant cannot be regarded as a mechanics' lien creditor, as against any other lien-creditors. At most he can be treated as having a lien

[McCay's Appeal.]

only from the date of his judgment, and not from the commencement of the building.

The case requires us to consider next, whether the claim of Smith B. Thompson for the use of Egbert Thompson constitutes a valid lien. It was filed on the 21st of June 1858. It is a claim for both labour and materials. The objection to it is that it does not appear that it was filed until six months had expired after the work was finished, and after the materials were furnished. The time when the work was done and when the materials were furnished, is stated in the bill of particulars attached to the claim filed. The first date is April 9th 1856. The last is July 25th. The year is not stated, but the last year mentioned is 1856; and the entry could not have referred to the year 1858, for the claim was filed before July of that year. Under the last date mentioned there is indeed a charge for "painting, glazing, and furnishing materials" prior to 3d of February 1858; but this cannot be regarded as a designation of the date when the debt for the painting, &c., was created. It certainly was no compliance with the requisitions of the statute that the claim must specify when the work was done or the materials were furnished, as to that charge, unless it be referred to July 25th. There is, therefore, nothing in the claim as filed which shows that the work was done or that the materials were furnished, within six months next prior to the filing of the claim. Is it on that account invalid? A majority of the court think it is not. The Act of Assembly does not expressly require that it shall appear affirmatively from the statement that six months have not expired. Nor is the statement of the date conclusive upon the claimant: 4 Casey 156. He may show that it was made in mistake, as was ruled in Hilary v. Pollock, 1 Harris 186; and in Driesbach v. Keller, 2 Barr 77, it was said that, whether the claim was filed in time or not, was a question to be submitted to the jury. The lien was not avoided by the fact that it did not appear affirmatively that the claim was filed in time. The difficulty in this case is in the answer to the question, whether the statement does not assert that no part of the work or materials were furnished within the six months. It would seem, however, that at most it does so inferentially, and the body of the claim avers that the work was done and that the materials were furnished "within six months last past," that is, within the six months next prior to the filing of the claim. We hold, therefore, with some hesitation, that the claim is not void upon its face, as a lien, and there was evidence before the auditor that Thompson's last work, which was painting and glazing, was done in the latter part of January. This was less than six months prior to the time when his claim was filed.

The claim of Thompson is next attacked on the ground of

1 Wr.—9

[McCay's Appeal.]

alleged fraud. The auditor has not found that it was fraudu-
lent, and we discover no other evidence of fraud than that his
work and materials were charged at too high prices. This war-
rants pruning his claim, but not rejecting it altogether. There
is no satisfactory evidence of the amount justly due to him; but
on the other hand, there is no evidence which would warrant a
reduction of the sum claimed below the amount awarded to him
in the distribution. The distribution made by the Court of Com-
mon Pleas is, therefore, affirmed.

Decree affirmed.