## Duff *et al.* versus Hoffman *et al.*

|      |      |
|------|------|
| 63   | 191  |
| 162  | 163  |

|      |      |
|------|------|
| 63   | 191  |
| 174  | 102  |

| 63    | 191 |
|-------|-----|
| 28 SC | 267 |

1. Hoffman employed Borland to furnish lumber for a house. Borland got lumber from Duff, who charged it to him "for Hoffman's house." *Held*, that Duff had no lien for his lumber.

2. An architect or builder is agent for the owner for erection, and had power to subject the building to a lien for workmen or material-men: it was not so with a contractor; he built on his own credit.

3. The law, by classing the contractor with the architect, &c., and giving a lien for work, &c., procured by him to be done on the credit of the building, intended a protection to workmen and material-men as much as if they had acted under the orders of an agent.

4. The purpose of the law was to prevent these claims from being defeated by a change of character in the employer from an architect, &c., to a contractor.

5. To protect by lien workmen and material-men employed by the contractor, he must be contractor for erection.

[Duff *v.* Hoffman.]

6. One who contracts to furnish materials is not a contractor for erection, and there is no privity between him and the owner to enable him to charge the building with a lien in favor of others from whom he purchases lumber to fill his own contract.

7. Singerly *v.* Doerr, 12 P. F. Smith 9, distinguished and approved.

November 9th 1869. Before Thompson, C. J., Read, Agnew, Sharswood and Williams, JJ.

Error to the Court of Common Pleas of *Allegheny county:* No. 218, to October and November Term 1869.

This was a scire facias on a mechanics' lien, issued February 2d 1869, by F. K. Duff and John Ewing, partners as Duff & Ewing, against M. S. Hoffman, owner, and Edward Boland, contractor. The claim was for shingles to the amount of $32, furnished by the plaintiffs for a house belonging to Hoffman.

The plaintiffs, after showing the lien, gave evidence that Hoffman contracted with Boland, who had a planing-mill, to deliver lumber to his house, that Boland furnished all he had and obtained the residue from other persons; amongst others he procured shingles from the plaintiffs which were charged to Boland "for Hoffman's house;" the shingles were delivered at the house and furnished on the credit of the house. It appeared on cross-examination that Hoffman did not know where the shingles came from.

The court (Stowe, J.) charged:—

"If you believe that defendant contracted with Boland for the lumber as a dealer in it, as the evidence is, and he was engaged in the planing-mill and lumber business himself, and he purchased this lumber, as he says, from plaintiffs, he had no authority, by reason of this contract, to purchase materials and bind the house of defendant; and therefore your verdict should be for defendant. The fact that the plaintiffs may have furnished the materials on the credit of the building, and thinking they could file a lien, is of no importance, and does not change the case."

The verdict was for the defendants. The plaintiffs took a writ of error and assigned the charge of the court for error.

*L. B. Duff,* for plaintiffs in error, cited Witman *v.* Walker, 9 W. & S. 183; Act of June 16th 1836; Pamph. L. 696; Purd. 709 *et seq.*; Derickson *v.* Nagle, 2 Phil. R. 120.

*J. Hays* and *E. A. Montooth* cited Harlan *v.* Rand, 3 Casey 516.

The opinion of the court was delivered, January 3d 1870, by

Agnew, J.—We agree with the learned judge of the court below, that a lumber dealer, who has engaged to furnish lumber for a house, is not such a contractor, under the Mechanic's Lien Law, as can charge the building with a lien to another from whom

[Duff v. Hoffman.]

he purchases his lumber. This much was said in Singerly v. Doerr, 12 P. F. Smith 9, decided at Philadelphia last winter, where, after holding that the owner of a planing-mill, who manufactured portions of the wood work of a house, could file a claim for the work he had done at his mill on the materials found by the contractor, we said: "If the contractor for the building had bought his doors, shutters, &c., from another who had employed the plaintiffs to do the sawing and planing, &c., for him, the case would be different, and the plaintiffs, then, must have looked to the other party who employed them. This is the doctrine of Harlan v. Rand, 3 Casey 516, relied on by the plaintiffs in error."

We also held in Singerly v. Doerr, that it is not necessary there should be but a single contractor for the whole building. We said: "It is not an objection that Ketchum was a contractor only for the carpenter work and lumber of the house. The law does not require the contractor to be such for the whole building. The owner may make his contracts for different parts of the work—as with one for the stone work, with another for the brick work, a third for the wood work, and, if the building be a factory, with a fourth for the machinery. There is no reason why a workman, or a material-man, employed by each contractor to do work or furnish materials within the scope of his contract, should not be entitled to a lien for it, as well as if there were but one contractor for the whole building. Except in the principal cities it is rare that men contract for the whole building. Generally contracts are made with them according to their line of business, as for masonry, carpentry, &c."

That case not being reported had not come to the eye of counsel and is not adverted to, but it is requisite we should notice it, to distinguish it from the case in hand. An architect or builder is the agent of the owner for erection, and we can readily perceive how, as agent, he should have power to subject the building to a lien to the workmen and material-men. This is not so with a contractor, who builds on his own credit. But as soon as the law classed him with the architect and builder, and gave a lien for the work and materials procured by him to be done and furnished on the credit of the building, it clearly intended this as a protection to the workmen and material-men, as much as if they had acted under the order of a mere agent. The purpose was to prevent these meritorious claims from being defeated by a change of character in the employer from an architect or builder to a contractor; a formality which might be used in every instance to defeat liens. Now if this clear legislative provision to charge the building with a lien for work and materials procured through a contractor, can be defeated by making two contracts for the building instead of one—for example one contract for the masonry and another for the carpentry—the provision in the statute is worthless, for it can

13 P. F. Smith—13

[*Duff v.* Hoffman.]

always be evaded. What difference is there in principle when different men become contractors for the erection of the building in divisions? Certainly there is none. Within the division committed to each, the owner by his contract with him for construction of that division, commits his authority to bind the building just as fully and as equitably as he could to one person for the whole erection. Hence we held in Singerly *v.* Doerr, that a contractor for the carpenter work and lumber of a house could subject it to a lien for the work done at his instance on the credit of the building. Such contractor, however, must be one within the contemplation of the statute, to wit: A person employed to erect or construct the building. It is the contract for erection which communicates the owner's power to bind the building, and places the contractor alongside of the architect or builder. But there is a palpable distinction between a contract to erect and a contract to furnish towards the erection, whether it be work or material. One who contracts to put up a building, or one of its leading divisions, as its brick work or its wood work, is not a mere workman or a mere material-man. He is employed to construct or erect, and not merely to work. It is therefore very clear that a lumber dealer, employed merely to furnish lumber, whether manufactured or not, is not a contractor for the erection of the building or any division of it. He is a material-man merely, or a workman, if he works up his lumber and furnishes it made up into frames, doors, sash, &c., and is not employed to erect or put up the building or any of its primary parts or divisions. Not having assumed the relation of contractor or builder, there is no privity between him and the owner to enable him to charge the building with a lien for the lumber he purchases of others in order to fill his own contract to furnish the lumber of the house. The court was therefore right in holding that the plaintiff acquired no lien.

Judgment affirmed.