## Goodfellow *v.* Manning, Appellant.

*Mechanics' lien—Claim filed must name proper parties.*

In order to entitle a person to the benefit of the mechanics' lien laws, their provisions must be strictly complied with. A lien is defective if it fails to name the contractor for the work, and in such case cannot be sustained.

A lien was filed against defendant, as owner, and Albright, architect. It appeared that Albright, upon default of a first contractor for the building, had made an arrangement with defendant by which he assumed the contract. Subsequently he asked proposals for a part of the work from plaintiffs, and upon the letter which they sent him containing these proposals, he wrote " Accepted. Harrison Albright, architect." There was a dispute as to whether plaintiffs knew of the relations between Albright and the owner, and whether their work was done under the provisions of the original contract, Albright having been substituted therein for the original contractor, or under their letter to Albright, accepted by him as architect, and constituting the only contract in the matter.

*Held,* that these being pure questions of fact, and having been properly submitted to the jury, their finding was conclusive.

Argued Feb. 4, 1892. Appeal, No. 65, Jan. T., 1892, by defendant, E. N. Manning, from judgment of C. P. Montgomery Co., Dec. T., 1890, No. 8, on verdict for plaintiffs, George Goodfellow et al. Before PAXSON, C. J., GREEN, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Sci. fa. sur mechanics' lien.

On the trial before WEAND, J., the evidence was to the following effect:

Defendant had made a written contract with one Willis for the erection of the building against which the lien was filed, which contained a clause providing that payment should be made upon certificate of the architect named therein that all claims upon the building for work and materials, up to the time of payment, were satisfied. Willis became financially embarrassed, and threw up the contract. Evidence was submitted on behalf of defendant that, after this happened, Albright, the architect, agreed with him verbally to assume Willis's responsibility under the contract, and to finish the building according to its terms. Thereafter, as appeared from the testimony, the architect contracted with the plaintiff to do certain work for the defendant towards completing the house in question, by inviting proposals for such work, which were made in writing, and began: "We will complete house for Mr. E. N. Manning, at Elm, Pa., at following terms," duly signed by plaintiff, and returned with the indorsement, "Accepted Aug. 21, 1890, Harrison Albright, architect." The testimony was conflicting as to whether, at the time said proposals were made and accepted, the plaintiff had any knowledge that Albright occupied any other relation to defendant than that of agent or architect, and as to whether defendant afterwards ratified the contract. It also appeared that plaintiff knew there had been a contract between defendant and Willis for the erection of the house in question, but not its terms.

The court below submitted to the jury the question, whether Albright had authority to make the contract as Manning's agent, and whether Manning ratified it after it was made, and also whether it was made subject to the terms of the original contract with Willis, or was entirely independent of it. The court refused to charge, inter alia, that the contract of plaintiff was made with Albright as an independent contractor, and that, therefore, the lien was defective, in not naming him as such; and that the contract was subject to the provisions of the original contract with Willis.

Verdict for plaintiff, $337.49 and judgment thereon. Defendant appealed.

*Errors assigned* were to portions of the charge and answers to defendant's points.

*J. P. Hale Jenkins*, for appellant.

*Irving P. Wanger*, *Irvin P. Knight* with him, for appellee.

PER CURIAM, March 28, 1892:

There is nothing in this case that requires extended discussion. The question whether Albright was the contractor for the work was submitted to the jury under proper instructions. The learned judge charged: "If he was merely the architect or agent of Manning, then he need not be noted as contractor; but if he was the contractor for the work, then the lien cannot be sustained, as I have already charged you." Whether the plaintiff did the work under the first or second contract was a question of fact, and this was also properly submitted to the jury. An examination of the numerous specifications fails to disclose any serious error.

Judgment affirmed.