R. Pitt Owen and James E. Salter, Copartners, trading as Owen & Salter, *v.* John B. F. Johnson, Owner, Appellant, and William E. Schaefer, Contractor.

*Mechanic's lien—Subcontractors—Contract.*

A mechanic's lien must be founded on contract, and no one has the power so to contract as to give the right of lien except the owner and the contractor under him. One who furnishes material to a subcontractor has no right of lien.

The power of a contractor to bind a building for materials furnished is not limited by the fact that the contract is not for the whole building.

While a lien cannot be maintained for materials which do not constitute a part of a contract for the construction or erection of the building or a primary division of it, yet where the owner makes contracts for different parts of the work, those furnishing materials are entitled to a lien as fully as if there had been but one contractor for the whole building.

*Mechanic's lien—Plumbing—Acts of June 15, 1836, and April 14, 1855.*

Plumbing is recognized by the legislation in relation to mechanics' liens as a part of the work of erection and construction of buildings. It is not a luxury or convenience only, but an essential part of modern city dwellings. The act of June 16 1836, P. L. 696, confers the right of lien upon plumbers and its provisions are extended by the act of April 14, 1855, P. L. 303, to gas fitting.

An owner of land constructed a number of houses on his property. He did the work of erection himself, but contracted with a plumber to furnish stationary wash-stands, water-closets, bath-tubs, pipes for gas, water and underground drainage. Plaintiffs sold to the plumber, on the credit of the houses, plumbing materials amounting to a considerable sum. *Held,* that plaintiffs were entitled to file a mechanic's lien for the materials furnished.

Argued Jan. 21, 1896. Appeal, No. 172, July T., 1895, by defendant, John B. F. Johnson, owner, from judgment of C. P. No. 3, Phila. Co., Dec. T., 1891, No. 592, M. L. D., on verdict for plaintiffs. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Scire facias sur mechanic's lien.

The facts appear by the opinion of the Supreme Court.

At the trial the court reserved this question :

Whether the plaintiffs are entitled to a lien for goods furnished to William E. Schaefer, in and about the construction of the houses referred to in the claim filed.

Verdict for plaintiffs for $1,077.30, and the jury found, (1) that the value of the materials supplied for the buildings which were the subject of the lien was $772.39, interest $334.91 ; (2) that payments were not made on this account ; (3) that the materials were furnished on the credit of the building. Judgment was entered on the verdict.

*Error assigned* was in entering judgment for plaintiffs on the point reserved.

*Edward H. Weil*, for appellant.—Under the act, where the owner is himself the builder, the claim must be filed against him, as the person known to the creditor : Jones v. Shawhan, 4 Watts & Serg. 257 ; Sullivan v. Johns, 5 Wharton, 369 ; Knabb's App., 10 Pa. 186.

The subcontractor comes in by reason of his direct contract relation to the builder : Harlan v. Rand, 27 Pa. 511.

The owner and the contractor or contractors under him alone have power to bind the building, for the law gives this power to no others : Duff v. Hoffman, 63 Pa. 191 ; Schenck v. Uber, 81 Pa. 31.

The power of the owner can be communicated only to a principal contractor for the whole, or for some major and essential division in the erection of the building itself : Smith v. Stokes, 10 W. N. C. 6.

*Rudolph M. Schick, Joshua R. Morgan* with him, for appellees. —It was not decided by this court in Schroeder v. Galland, 134 Pa. 286, as urged by the appellant, that one who makes a contract with the owner of a building cannot bind it in turn by his contract ; but the decision was that a person dealing with one, so contracting with a contractor under the owner, was bound by the terms of his agreement with that owner.

The appellant, upon this same point, also quotes Harlan v. Rand, 27 Pa. 511. But this too makes against him.

Schenck v. Uber, 81 Pa. 31, does not support the position of the appellant.

In Freeman v. Gilpin, 4 Clark 411, Judge STROUD held that a paper hanger, was, under the act of 1836, entitled to a lien for work done and material furnished in the construction of the building.

OPINION BY MR. JUSTICE FELL, March 2, 1896 :

All issues of fact raised at the trial were settled by the special verdict, and the only question now to be considered is whether judgment was properly entered for the plaintiffs. An apportioned claim was filed against ten houses for plumbing and gas fitting materials furnished. John B. Johnson, who was a builder, subdivided a tract of land which he owned into lots, and erected buildings thereon, purchasing the materials and superintending the construction except as to the painting and plumbing, for which he made contracts. For the whole of the plumbing for the houses he contracted with William E. Schaefer, who furnished stationary wash-stands, water-closets, bath-tubs, pipes for gas, water and underground drainage, and did all the work. The plaintiffs sold to Schaefer, on the credit of the houses, materials amounting to over $800. In the lien filed Johnson is named as owner and Schaefer as contractor. The question reserved is " whether the plaintiffs are entitled to a lien for goods furnished to William E. Schaefer in and about the construction of the houses referred to in the claim filed."

One objection urged to the lien is that Johnson was both owner and contractor, and Schaefer therefore a subcontractor without power to bind the buildings. As to other parts of the construction Johnson was both owner and contractor, but as to the painting and plumbing he was owner only, and for the plumbing Schaefer was the contractor. No other construction seems possible, unless it be supposed that by undertaking the erection of his own buildings he placed himself as contractor between himself as owner and those with whom he contracted. In Harlan v. Rand, 27 Pa. 511, relied on by the appellant, the lien, which was held to be invalid, was filed by a contractor under a subcontractor, and it was said that the law establishes but one link between the owner on the one hand and the workman and material man on the other, and that the lien must be founded on con-

tract, and that no one has the power so to contract as to give the right of lien except the owner and the contractor under him. It is not claimed that one who furnishes material to a subcontractor has a right of lien, and if there had been an intervening contractor between Johnson and Schaefer the plaintiff who furnished materials to the latter could not have maintained a lien. But such an intervention cannot be effected by regarding Johnson in the double aspect of owner and contractor.

The act of June 16, 1836, P. L. 696, confers the right of lien upon plumbers, and its provisions are extended by the act of April 14, 1855, P. L. 303, to plumbing and gas fitting; there is therefore no doubt that Schaefer is within the class of persons entitled to a lien. The power of a contractor to bind a building for materials furnished is not limited by the fact that the contract is not for the whole building. Where the owner makes contracts for different parts of the work, those furnishing materials are entitled to a lien as fully as if there had been but one contractor for the whole building : Singerly v. Doerr, 62 Pa. 9. It is the contract for erection which communicates the owner's power to bind the building. In Duff v. Hoffman, 63 Pa. 191, the mechanic's lien claimant had furnished lumber to one who had a contract to supply the lumber for the erection of the house, and it was said that there was a "palpable distinction between a contract to erect and a contract to furnish toward the erection," and that a lumber dealer employed merely to furnish lumber was not a contractor for the erection of a building or any division of it. In Schenck v. Uber and Tees, 81 Pa. 31, the same distinction was observed in a case where a lien had been filed for a car or cage furnished to one who had entered into a contract to construct an elevator in a building, and it was held that as the contract was not for the construction of any primary or main division of the building, but was simply minor and auxiliary, the lien could not be maintained; and it was said : "To hold that a minor contractor, who undertakes to put in fixtures or conveniences, may bind the building for work or materials furnished to him by others, would expose the owner to untold claims." It was conceded however in that case that had the construction of the elevator been included in the contract of one who had agreed to construct a primary division of the building the lien would have been valid. The decision rests upon the

principle stated in Singerly v. Doerr, supra, that a lien cannot be maintained for materials which do not constitute a part of a contract for the construction or erection of the building or a primary division of it.   We have referred to these decisions at length because they are the basis of the argument to show that the plumbing work in this case was not a part of the construction of the building, but for convenience and adornment only, and that the contract with Schaefer, while it gave him the right of lien, conferred no power to bind the building upon those of whom he purchased materials.

Plumbing is recognized by the legislation in relation to mechanics' liens as a part of the work of erection and construction of buildings.   It is not a luxury or convenience only, but an essential part of modern city dwellings.   The supply of water is indispensable, and underground drainage by which waste can be carried off is enjoined by city ordinance.   The prohibition of surface drainage and the use of wells either for the supply of water or as receptacles for waste made a part of the plumbing absolutely necessary.   A part of it might have been dispensed with, as might the painting, papering, interior doors, heaters and ranges, and, but a step further, the plastering, and the house have been left a mere inclosure of exterior walls and roof.   The question is not what may be dispensed with in the construction of a house, but what is an essential part of the plan of construction.   In this case the plan was to supply the houses throughout with water, and to connect them by a system of drainage with the city sewers, and the plumbing was an essential part and a principal division of the work.

The judgment is affirmed.