## Mortar Company v. Cassell.

*Mechanic's lien—Sale by material man to subcontractor—Guaranty by contractor.*

A material man who furnished materials to a subcontractor upon the personal verbal guaranty of the contractor has no right of lien against the building for which the materials were furnished.

Argued Oct. 11, 1900. Appeal, No. 90, Oct. T., 1900, by plaintiffs in suit of Southwark Mortar Company against John Henry Cassell, now or late owner or reputed owner, and Pascoe Apartment House Company, present owner, and Mark P. Wells, trading as M. P. Wells & Company, contractors, from judgment of C. P. No. 1, Phila. Co., March T., 1898, No. 9, M. L. D. on verdict for defendant. Before Rice, P. J., Beaver, Orlady, W. W. Porter and W. D. Porter, JJ. Affirmed. Opinion by Beaver, J.

Sci. fa. sur mechanic's lien for $651.40. Before McMichael, J.

There was evidence tending to show that contracts were sublet for certain portions of the work, and among the subcontractors were W. E. Carrington & Son for brickwork. Car-

rington requested plaintiff to furnish materials for the brick-work to be done by them, and it was testified that Jacob F. Potter, president of the plaintiff company, before undertaking to furnish any materials, had a conversation with Wells, one of the main contractors, and at that interview Wells & Company assumed liability as contractors for such materials as should be delivered to the building by the plaintiff. There was a denial of this by Wells and there was some conflict of testimony as to the point. [The court below directed the jury to render a verdict in favor of defendants.] [1]

Verdict and judgment for defendants. Plaintiff appealed.

*Error assigned* was in directing the jury to render a verdict in favor of defendants.

*Charles L. Smyth*, with him *Charles H. Edmunds*, for appellant.—In the present case it was testified by Mr. Potter, the president of the plaintiff's company, that the materials charged for here were furnished upon the faith and credit of the operation: Church v. Allison, 10 Pa. 413; Hommel v. Lewis, 104 Pa. 465; Noar v. Gill, 111 Pa. 488; Green v. Thompson, 172 Pa. 609.

*Edwin D. Hoffman*, for appellee.—The mechanic's lien law being purely a statutory remedy and in derogation of the common-law rights of owners of real estate, not only must the act be strictly construed, but the claimant must clearly and affirmatively show that he is within the protection of its provisions: Hern v. Hopkins, 13 S. & R. 269; Bolton v. Johns, 5 Pa. 149; Lauman's Appeal, 8 Pa. 473.

The owner of the building and the general contractor are the only persons having power to bind the building by lien for the materials entering into its construction: Harlan v. Rand, 27 Pa. 511.

OPINION BY BEAVER, J., November 19, 1900:

The only question raised in this case is the right of a material man who furnished materials to a subcontractor, upon the personal verbal guaranty of the contractor, to file a mechanic's lien against the building for which the materials were furnished.

It is admitted that the appellant acquired a right, if any it had, to file the lien through the contractor "who alone, with the owner, has the authority to bind the operation by lien." The plaintiff's account of the transaction, taken from his testimony, using his own words but omitting question and answer, is as follows: "A man by the name of W. E. Carrington came to our office and said he had a contract with M. P. Wells & Company to do the stone and brickwork on the Pascoe Apartment House. He asked me if I would furnish materials there, and I asked him what arrangements he had made, and he said he was not to get any money until the roof was on. I told him if M. P. Wells & Company would guarantee the bill I would put the materials there. I saw Mr. Wells and stated the circumstances to him, and told him what Carrington had told me, and he agreed that they should retain the amount from his contract and pay it, and Wells said, ' All right, you go ahead and furnish the materials to W. E. Carrington & Sons and let us know the amount of the bill as soon as it is finished, and we will retain the money from his contract and pay you,' and I went ahead under those conditions and furnished the materials as Wells directed me to do." The charge in the plaintiff's books was to W. E. Carrington & Sons. No part of the plaintiff's testimony can, under the most liberal construction, be regarded as establishing a contract between it and M. P. Wells & Company, the contractor, nor is it anywhere alleged in the evidence that the materials were furnished on the faith of the building.

Here then was an agreement to sell to Carrington, the sub-contractor, upon certain conditions as to the guaranty of the account by the contractor, a subsequent agreement on the part of the contractor to retain out of the money due to Carrington, when the work was completed, the amount of plaintiff's bill, a sale to Carrington on these conditions and a charge to him in the plaintiff's books. There can be no doubt, therefore, of the entire correctness of the action of the court below in directing a verdict in favor of the defendants. The binding instruction of the court is the only error complained of and the judgment must be, therefore, affirmed.