## Kountz Brothers Company, Appellant, *v*. Consolidated Ice Company.

*Mechanic's lien—Ice plant—Foundation for boiler.*

A mechanic's lien may be filed for bricks furnished to a contractor to be used in the foundations of the boiler of an ice manufactory plant, where it appears that an engine and boiler are an essential part of the plant, and the boiler foundations are a part of the original construction.

Argued April 13, 1905.   Appeal, No. 10, April T., 1905, by plaintiff, from judgment of C. P. No. 2, Allegheny Co., April T., 1901, No. 358, on verdict for defendant in case of Kountz Brothers Company v. Consolidated Ice Company, owner, and Petter W. Herrington et al.   Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Scire facias sur mechanic's lien.   Before RODGERS, J.

The opinion of the Superior Court states the facts of the case.

Verdict and judgment for defendant.   Plaintiff appealed.

*Errors assigned* were (1–4) answers to points quoted in the opinion of the Superior Court.

*R. B. Petty*, for appellant.—This case arose before the act of 1901, and is to be determined under the old law.   Under that law a subcontractor was entitled to a lien, although the contractor with whom he contracted had only a part of the work: Singerly v. Doerr, 62 Pa. 9; Owen v. Johnson, 174 Pa. 99; Derrickson v. Nagle, 2 Phila. 120.

The power of a contractor to bind a building for materials furnished is not limited by the fact that the contract is not for the whole building: Parrish's App., 83 Pa. 111; Dimmick v. Cook, 115 Pa. 573; Owen v. Johnson, 174 Pa. 99.

We contend further, that the question as to whether the foundations were a primary division of the work was at most a question of fact for the jury, and that the court could not say as matter of law that they were not such: Schenck v. Uber and Tees, 81 Pa. 31.

*J. S. Ferguson,* for appellee.—It would seem to be clear under the authority of Schenck v. Uber & Tees, 81 Pa. 31 that Herrington & Henslein were not contractors for a primary division of the building, having the power of the owner to bind the building, and that their contract was minor and auxiliary: Duff v. Hoffman, 63 Pa. 191 ; Owen v. Johnson, 174 Pa. 99.

OPINION BY BEAVER, J., July 13, 1905 :

The plaintiff, which furnished brick for the foundations for an engine in the erection of an ice manufacturing plant, under a contract with the principal contractor, was undoubtedly entitled to its lien, if the materials furnished by it were necessary to the erection of a primary or principal or essential part of said building: Parrish's Appeal, 83 Pa. 111 ; Dimmick v. Cook, 115 Pa. 573 ; Owen v. Johnson, 174 Pa. 99. See also Schenck v. Uber & Tees, 81 Pa. 31, the case upon which the court below ruled this case; Duff v. Hoffman, 63 Pa. 191 ; Harlan v. Rand, 27 Pa. 511 ; Singerly v. Doerr, 62 Pa. 9. The defendants were erecting an ice manufacturing plant. To manufacture ice in their plant required power. To generate the power boilers were necessary, and to apply it an engine was necessary. The engine was useless without the foundation. Could the general scheme or object be carried out without this foundation ? In other words, was it an essential part of the plant ? The court below ruled, as a matter of law, that it was not.

Plaintiff furnished other brick to subcontractors ; among them the same parties, Herrington & Henslein, who were the principal contractors for the foundation or bed for the engine, but no claim, as we understand it, was made at the trial, except for those which were actually furnished for the engine foundation upon the credit of the building, under the provisions of the mechanic's lien law of 1836 and its supplement of April 21, 1856, P. L. 496. By the terms of the latter, the provisions of the former are " extended as fully as the same are now applicable to buildings, to every steam engine, coal breaker or parts thereof, pump gearing, hoisting gearing, fixture or machinery in and about mills of any kind, iron or coal works, coal mines and iron mines." It is claimed that the word " mills " in the amendment does not apply to such a building as was

erected in the case under consideration, but evidently the word mills was not used in a restricted sense in the amendment but rather, as defined in the Standard Dictionary, "6 : A building fitted up with the machinery requisite for a factory." See Summerville v. Wann, 37 Pa. 182.

The court below refused the plaintiff's points, which were :

1. If the jury find that the plaintiff was informed that Herrington & Henslein had a contract with the owner for the erection of the engine foundations, and further find that said foundations were an essential part of the plant, and part of the original construction, and that the brick ordered from plaintiff were furnished by the plaintiff to be used in the building of said foundation, then the presumption is that the material was furnished on the credit of the building, and the plaintiff is entitled to a lien for the materials so furnished. And

2. If the brick claimed for were furnished at the building for the purpose of being used in the building of engine foundations, for which Herrington & Henslein had a contract with the owner, then the plaintiff is entitled to recover, whether so used or not.

The court affirmed the points of the defendant, which were :

1. That Herrington & Henslein were not contractors for a main or primary division of the building and had no power to bind the building, and that Kountz Brothers Co., by furnishing materials to Herrington & Henslein, acquired no right to lien. And

2. That the verdict of the jury must be for the defendant.

The power necessary to run the ice plant being absolutely essential to the use of the building for the purpose for which it was intended, and the engine being essential to the application of the power, we think the foundations of the engine were primarily an essential part of the said building, as much so as the engine itself ; and, being so, the plaintiff who furnished the brick for the original contractor had the right to a lien therefor. It follows that the points of the plaintiff, which were refused, should have been affirmed, and those of the defendant, which were affirmed, should have been refused. The assignments of error are, therefore, sustained.

As to the alleged defects in the lien, as filed, no question in relation thereto was raised in the court below, by motion to

strike off or otherwise, nor is the validity of the lien raised by any assignment of error here. Issue was regularly joined by the defendant owner and trial had upon the merits and, as the lien is not printed by either party and no question in regard to its regularity is raised by the assignments of error, we cannot consider that question, there being no alleged jurisdictional defect.

Judgment reversed and a new venire awarded.