## McQuown v. Lias.

*Mechanic's lien — Right of materialman under sub-contractor — Act of June 4, 1901.*

1. A materialman or laborer under a sub-contractor has no right to file a mechanic's lien under the Act of June 4, 1901, P. L. 431.

2. A promise made by such a materialman or laborer to the contractor not to file a lien, thereby enabling the contractor to secure payment of money due him under his contract, is not based on any consideration and cannot be enforced.

Statutory demurrer to statement of claim. C. P. Clearfield Co., Sept. T., 1925, No. 148.

*L. E. Boyer* and *Liveright & Chase*, for plaintiff.

*McCall & Womer*, for defendant.

CHASE, P. J., June 22, 1926.—The plaintiff brings an action of *assumpsit* to recover $395.37, with interest, basing the right of recovery upon the following alleged facts:'

The defendant is a building contractor, and in the fall of 1924 or spring of 1925 had a contract with L. D. McCall for the construction of a residence for the said McCall. Miller Brothers, a copartnership, had the contract for the plastering and furnishing of the plastering and lathing materials from the said B. L. Lias, and, in that connection, employed the plaintiff herein. The plaintiff, beginning in September, 1924, and finishing on Nov. 15, 1924, supplied and placed in the building metal lathing upon an agreed price per square yard, the value of the material and work amounting to $474.80. The plaintiff also installed and put in place corner bead, the value of the material and labor being $20.88. That B. L. Lias, on account of his building contract, had certain money due him. That, in order to obtain funds, Lias sought to have materialmen and laborers, who had rights to file mechanics' liens against the property, to release such rights, and requested the plaintiff to release his right of lien, stating that if he so did, the defendant, B. L. Lias, would pay him, the plaintiff, the amount that was due him by reason of his having done said lathing and furnishing of material. That the plaintiff had entirely relied upon the right to file a lien to collect the money due him for said lathing and not upon the credit of said Miller Brothers. That on April 3, 1925, under the circumstances hereinbefore narrated and at the request and solicitations of the defendant, and relying upon the promise of the defendant to pay his bill in full, the plaintiff signed the release of lien to all of his account, waiving his right to file his lien against the property of the said L. D. McCall.

Under the above facts, the defendant contends in this proceeding that there is no cause of action for the following reasons:

McQuown v. Lias.

1. That there is no consideration passing from the plaintiff, Ben McQuown, to the defendant, B. L. Lias, by virtue of which any contract for the payment of any sum of money could be maintained.

2. That on April 3, 1925, the plaintiff had no right to file a lien for the recovery of all or any portion of his claim against the property of L. D. McCall.

It does not appear from the plaintiff's statement that the plaintiff herein had a contract with B. L. Lias, the contractor, but that his contract was with Miller Brothers, who were the sub-contractors under Lias. It does not appear there was privity of relation between Lias, the contractor, and the plaintiff, but the contractual relation that existed was between Miller Brothers, the sub-contractor of Lias, and the plaintiff. So that if the plaintiff has any right to maintain this action against Lias, it must be because of the allegations set out in paragraph seven of plaintiff's claim, which reads as follows: "That there was money due to said B. L. Lias on account of his building contract, and to enable him to get funds and to expedite payment, the said B. L. Lias sought to obtain releases of liens from materialmen and laborers who were entitled to file the same against the premises of the said L. D. McCall. That the said B. L. Lias requested the plaintiff to release his right of lien against said property, saying that if he so did, the defendant, B. L. Lias, would pay him, the plaintiff, the amount that was due him by reason of his having done said lathing, to wit, the sum of $495.68."

If the plaintiff had no rights under the Mechanics' Lien Act to file a claim, there is no consideration to support this action under the pleadings. The plaintiff was a sub-contractor under a sub-contractor, or a sub-sub-contractor. Section 2 of the Act of June 4, 1901, P. L. 431, 432, provides the right to file lien for all debts due to the contractor or sub-contractor. We think the language in paragraph 4 of section 1 in this act clearly defines a sub-contractor as one who contracts with the contractor, either express or implied, directly or indirectly, through an authorized agent of the contractor; one who has the express or implied authority to act for the contractor.

In the instant case the plaintiff's statement does not allege that the plaintiff was dealing, either directly or indirectly, with the contractor, but was dealing with Miller Brothers, who had a sub-contract with the contractor; therefore, the plaintiff had no rights under the act of assembly, as we view it, to file a lien. Section 22 of the act under discussion provides the method of subrogation whereby a sub-sub-contractor may protect himself. This method is not by giving the right to enter a lien, but a subrogation based upon a purely personal relation established between a sub-contractor and his creditor: Tennessee Producers' Marble Co. v. Grant et al., 14 Dist. R. 453.

The sound principle of section 22 stands as an unsurmountable bar to the contention that the Mechanics' Lien Act of 1901 intended to confer mechanics' lien rights upon anybody beyond a sub-contractor: 2 Cushman, 926.

In Owen & Salter v. Johnson, 174 Pa. 99, the court says: "A mechanic's lien must be founded on contract, and no one has the right to so contract as to give the right of lien except the owner and the contractor under him."

The court, in the case of Fluke et al. v. Lang, 283 Pa. 54, Justice Simpson speaking, says: "After the passage of the Act of April 28, 1840, P. L. 467 (section 24, page 474), and prior to that of 1901, the property of an owner who did not contract for the work actually done on it was held liable in two contingencies only: 1. When the jury was justified in finding that the contractor was an agent of the owner or the latter was estopped from denying the agency. Or 2. Where the jury found as a fact that, by the arrangements

made, the owner was trying to defraud the contractor or materialmen. The Act of 1901, if it attempts to go beyond this, is *pro tanto* unconstitutional because of the provisions of article III, section 7, of the present State Constitution, which forbids any special law authorizing the extension of liens, etc."

To hold in this case before us that the plaintiff's statement is sufficient to maintain this action, the court must find that the plaintiff, under the Mechanics' Lien Act of 1901, had a right to file a lien, or, in other words, that a sub-sub-contractor has the right under the act of assembly to file a lien. We find nothing in the language of the act which justifies that conclusion, and if the act was so construed in that particular, it would offend against article III, section 7, of the Constitution. We, therefore, are brought to the conclusion that there is no right in the plaintiff under the allegations set forth in the statement which would permit a recovery in this action, because there is no consideration to support the alleged promise of the defendant on which the right of action is based.

Under the conclusion herein reached, it is unnecessary to discuss the second proposition raised.

Now, June 22, 1926, demurrer sustained and judgment directed to be entered in favor of the defendant and against the plaintiff. Exception noted and bill sealed to the plaintiff.  From John M. Urey, Clearfield, Pa.