## Resnick v. Epstein et al.

*I. S. Sherwin*, for plaintiff.

*S. Shapiro*, for defendants.

SMITH, P. J., June 7, 1948.—This matter comes before the court on defendants' motion to strike off a mechanic's lien. To consider this petition we must examine the record: Burger v. S. R. Moss Cigar Co.,

225 Pa. 400. The lien as filed is against the owner and the reputed owner. The Act of April 17, 1905, P. L. 172, sec. 1, provides:

"The names of the party claimant and of the owner, or reputed owner, of the building, and also of the contractor, architect or builder."

In order that a mechanic's lien may be valid, the requirements of the statute must be strictly complied with: McCay's Appeal, 37 Pa. 125. In Wolf Co. v. Pennsylvania R. R. Co., 29 Pa. Superior Ct. 439, 443, it was stated:

" 'A mechanic's lien is purely statutory and a compliance with the statutory requirements is necessary in order to give it validity.' "

The statute definitely states owner or reputed owner, not owner and reputed owner. It does not provide that a claim may be filed against both. However, we do not believe that this in itself would be sufficient to strike off a mechanic's lien. The act specifies that the lien must be filed against the owner or the reputed owner. Here the lien is against Rebecca Epstein, owner, and Leo H. Epstine, reputed owner. Both were served. In paragraph 2 of the claim, it is averred that Rebecca Epstein was the owner of the said premises at the time the work was performed, and in paragraph 3 it is averred that Leo H. Epstine was the reputed owner of said premises and conducted his business therein; that Leo H. Epstine was the person with whom the claimant dealt and contracted for the said work and the furnishing of the said materials for the repair and alterations of the said building; that Leo H. Epstine acted as though he was the owner of the said premises; that Rebecca Epstein, the owner, was fully cognizant of all the facts in connection with the furnishing of the aforesaid labor and materials and did not at any time object thereto, but knowingly permitted Leo H. Epstine to act as if he was the owner, to make the contract upon which the claim was filed.

These averments do not tend to confuse. The descriptive part of the claim would create an inference that Leo H. Epstine was acting for and on behalf of his relative as her agent. The burden of proof at the time of trial would be on claimant to prove that the agency existed. If the claim had been against the owner or his agent, we believe that it would have been valid: Fewkes v. Gilmore et al., 80 Pitts. L. J. 498. But the more serious objection is to the character of the claim itself. In paragraph 6 thereof, it states:

"The delivery of the said materials and the furnishing of the said labor commenced on or about September 8, 1947, and continued to on or about September 12, 1947, and the sum of Three Hundred and Fifty-five ($355.00) Dollars remains unpaid, and is the amount claimed to be due for the repairs and materials as aforesaid."

It does not specify the work done, or the nature or character, or amount of the materials furnished. This is fatal. The Act of April 17, 1905, P. L. 172, sec. 1, provides:

"The amount or sum claimed to be due, and the nature or kind of the work done, or the kind and amount of the materials furnished, or both; and the time when the materials were furnished, or the work done, or both, as the case may be."

In 12 Standard Pa. Practice, 124, 125, it is stated:

"The rule is well established, especially as applied to the liens of subcontractors that a claim must set forth the items of work, and materials and the amount claimed for each item. Lumping of charges is fatal."

In Caldwell v. Carter, 153 Pa. 310, 311, it was held:

"The claim appears to be defective in that it was for a lump sum with no item of the articles furnished. This cannot be done at all by a subcontractor, nor even by a contractor with the owner, except upon an express contract, which is not averred."

In the case at bar, the reference to a contract is vague, uncertain and indefinite. It does not specify what work was to be done to the said premises. It does not indicate what materials were furnished or the amount of labor used.

For these reasons, the rule to strike off the mechanic's lien is made absolute.