## Haas v. Wagner

*Joseph P. Keliher*, for plaintiff.
*Floyd M. Kocher*, for defendant.

LARRABEE, P. J., April 9, 1951.—Plaintiff, Charles E. Haas, filed his claim against defendants in the sum of $685.93, together with interest from June 27, 1950, in the form of a mechanic's lien, in which he sets forth that he furnished certain labor and materials which he used in the alterations and repair of the plumbing

of a dwelling owned by defendants, and situated in the second ward of the Borough of South Williamsport, Pa., as described in the claim. Plaintiff avers this labor and material was furnished defendants in pursuance of an oral contract entered into with them and that he has made repeated requests of defendants for payment of this claim, which they have refused.

Defendants filed an answer in which they pray the court to grant a rule upon plaintiff to show cause why the mechanic's lien should not be stricken from the record, and the matter came on for argument before the court.

Plaintiff contends that the labor and materials were furnished defendants in the nature of plumbing labor and materials, consisting of various kinds of pipes and fittings, cement, sand, as well as for labor in excavating a ditch or trench for the purpose of laying drainage pipes from the dwelling house to a cesspool located on the premises, and that this constitutes such repairs as entitle him to a valid lien against the building and curtilege, as provided in section 2 of the Act of June 4, 1901, P. L. 431.

Defendants contend that labor and materials incurred in digging a ditch and the laying of sewer pipe therein are not the subject of a mechanic's lien.

Section 2 of the Mechanic's Lien Act expressly provides that a mechanics' lien may be filed for payment of debts due for the alteration and repair of any structure or improvement to the curtilege appurtenant thereto and "in the fitting up or equipment of the same for the purpose for which the improvement is made; . . . and for like debts, contracted by such owner for . . . pipes . . . and . . . and the excavation for and laying . . . said . . . pipes".

In Owen & Salter v. Johnson, 174 Pa. 99, the Supreme Court said:

"Plumbing is recognized by the legislation in relation to mechanics' liens as a part of the work of erection and construction of buildings. It is not a luxury or convenience only, but an essential part of modern city dwellings. The supply of water is indispensable, and underground drainage by which waste can be carried off is enjoined by city ordinance. The prohibition of surface drainage and the use of wells either for the supply of water or as receptacles for waste made a part of the plumbing absolutely necessary. A part of it might have been dispensed with, as might the painting, papering, interior doors, heaters and ranges, and, but a step further, the plastering, and the house have been left a mere inclosure of exterior walls and roof. The question is not what may be dispensed with in the construction of a house, but what is an essential part of the plan of construction. In this case the plan was to supply the houses throughout with water, and to connect them by a system of drainage with the city sewers, and the plumbing was an essential part and a principal division of the work."

It will be noted that plaintiff is not seeking a mechanic's lien solely for labor used in excavating a ditch on the curtilege or premises and laying drainage pipes therein and not connected in any way with the use and enjoyment of the dwelling, but, to the contrary, his claim is for plumbing work and materials necessary to make the dwelling habitable and afford proper and necessary drainage for waste material from the house to a cesspool located on the curtilege appurtenant to the dwelling.

Claimant sets forth in detail in the exhibit attached to his claim the various items of materials supplied and hours of labor incurred.

We are of the opinion that defendants' contention is without merit and their motion to strike off the mechanic's lien should be dismissed.